UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

MALIBU MEDIA, LLC           :
                            :   CIVIL ACTION
v.                          :   No. 12-6830
                            :
JOHN DOES 1-15              :
                            :

### ORDER

AND NOW, this _____th day of December 2012, upon consideration of plaintiff, Malibu Media LLC's motion for leave to serve third party subpoenas prior to a rule 26(f) Conference, Dkt. No. 4, it is ORDERED that the motion is granted in part and denied in part as follows:

1.  Plaintiff may serve each of the Internet Service Providers listed on Exhibit A to its motion with a Rule 45 subpoena commanding each ISP to provide Plaintiff with the true name, address and Media Access Control address of the Doe Defendant to whom the ISP assigned an Internet Protocol address as set forth on Exhibit A to plaintiff's motion.

2.  Plaintiff shall attach to each subpoena a copy of this order and the **Court-Directed Notice Regarding Issuance of Subpoena**, a copy of which is attached to this Order.

3.  Each subpoena shall instruct the ISP to distribute a copy of the court directed notice to each defendant within seven days of service of the subpoena.

4.  Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any related intermediary ISP that is identified in response to a subpoena as a provider of internet services to one of the defendants.

5.  With respect to any ISP that qualifies as a "cable operator" as defined by 47 U.S.C. § 552(5), this Order authorizes disclosure of the subpoenaed information in accordance with 47 U.S.C. § 551(c)(2)(B).

6. Subpoenaed ISPs shall not release to plaintiff or its attorneys any defendant's identifying information sooner than twenty-one days after that ISP has sent the court-directed notice to the defendant.

7. Plaintiff shall not disseminate or use the information disclosed in response to a subpoena for any purpose other than protecting plaintiff's rights in this action as set forth in plaintiff's complaint.

8. The remainder of plaintiff's motion is denied without prejudice. The Court declines to decide the appropriateness of the subpoenas at this time because such a decision would be premature. The Court likewise declines to rule in advance on any objections to the subpoenas by third parties who are not presently before the Court.

_____
THOMAS N. O'NEILL, JR., J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

----------------------------------------------------------------X
:
MALIBU MEDIA, LLC,                                              :
                                                                :   Civil Case No. 2:12-cv-06830-TON
                        Plaintiff,                              :
                                                                :
            vs.                                                 :
                                                                :
JOHN DOES 1-15,                                                 :
                                                                :
                        Defendants.                             :
                                                                :
----------------------------------------------------------------X

### MOTION TO CORRECT SCRIVENER'S ERROR

Plaintiff, Malibu Media, LLC, moves for entry of an order correcting the scrivener's error in this Court's order dated December 12, 2012 ("Order"), and states:

1. On December 12, 2012, this Court entered an Order granting Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference [Dkt. 6]. However, the case caption of the Order is incorrect. Instead of listing fifteen (15) John Does in the matter, the number of John Does listed is six (6).

2. Plaintiff is required to forward copies of the Order to the ISPs along with each subpoena. The ISPs will not comply with Plaintiff's subpoena if there is any deficiency in the Order.

3. In order to properly serve the subpoenas on the ISPs, Plaintiff requires an order reflecting the correct case caption. Attached hereto is a proposed order identical to the one entered by this Court on December 12, 2012, with the correct caption.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order containing the correct case caption.

Dated: December 21, 2012

          Respectfully submitted,

          FIORE & BARBER, LLC

By:   /s/ *Christopher P. Fiore*
       Christopher P. Fiore, Esquire
       Aman M. Barber, III, Esquire
       Attorneys for Plaintiff
       425 Main Street, Suite 200
       Harleysville, PA 19438
       Tel: (215) 256-0205
       Fax: (215) 256-9205
       Email: cfiore@fiorebarber.com